**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

GARY VERN CROSLEY,

      Plaintiff,

v.                                        No. 1:20-cv-00044-WJ-JFR

UNITED STATES OF AMERICA,
WILLIAM A. HUDSON JR.,
JAMES M. BYRNE,
U.S. DEPARTMENT OF VETERAN AFFAIRS,
OFFICE OF THE GENERAL COUNSEL,
CYNTHIA HERNANDEZ,
STEPHANIE FIELDS,

      Defendants.

<u>**MEMORANDUM OPINION AND ORDER**</u>

      **THIS MATTER** comes before the Court on Plaintiff's Response to Alleged Order to Show Cause & Order to Comply with the Lawful Constitution, Doc. 36, filed April 27, 2020 ("Response").

**Procedural Background**

      Plaintiff, who is proceeding *pro se*, filed a Civil Rights Complaint Pursuant to 42 U.S.C. Sec. 1983 & 42 USC Sec, 1986.  Doc. 1, filed January 15, 2020 ("Complaint").  The Court notified Plaintiff that his claims should be dismissed for failure to state a claim or for lack of jurisdiction and granted Plaintiff leave to file an amended complaint.  *See* Memorandum Opinion and Order to Show Cause, Doc. 7, filed January 16, 2020 (explaining why Plaintiff's claims pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1986, alleging violations of criminal statutes, pursuant to *Bivens*, on behalf of other veterans, and pursuant to the Federal Tort Claims Act, should be dismissed for failure to state a claim upon which relief can be granted or for lack of jurisdiction).

Plaintiff then filed his Amended Complaint which is largely identical to his original Complaint with some exceptions.  *See* Plaintiff's Amended Civil Rights Complaint Pursuant to 42 U.S.C. Sec. 1983 & 42 USC Sec, 1986, Doc. 8, filed January 22, 2020 ("Amended Complaint"). The Court notified Plaintiff that his Amended Complaint similarly failed to state claims pursuant to *Bivens* and 42 U.S.C. §§ 1985 and 1986.  *See* Notice and Order, Doc. 12, filed January 30, 2020. Because the Amended Complaint alleged sufficient facts to support jurisdiction over Plaintiff's claim pursuant to the Federal Tort Claims Act, the Court notified Plaintiff that the case will proceed on Plaintiff's claim pursuant to the Federal Tort Claims Act.  "The Court remind[ed] Plaintiff that he must comply with the Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure."  Notice and Order at 3.

On April 21, 2020, the Court entered an Order to Show Cause which stated:

Rule 4 states the "plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m).  Fed. R. Civ. P. 4(c)(1).  Rule 4(m) states:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Plaintiff, who is proceeding *pro se*, filed his Complaint on January 15, 2020, which is more than 90 days ago.  There is no indication in the record that Plaintiff timely served Defendant United States of America or any of the other Defendants.

**IT IS ORDERED** that Plaintiff shall, within 14 days of entry of this Order, show cause why the Court should not dismiss this case for failure to timely serve Defendants.  Failure to timely show cause may result in dismissal of this case without prejudice.

Order to Show Cause at 1, Doc. 35.

**Plaintiff's Response to Order to Show Cause**

Plaintiff timely filed his Response which states he has complied with Rule 4 and indicates that he served a summons and the Complaint on Defendants Byrne, Fields, Hernandez and Hudson. Response at 2.  Plaintiff attached copies of "USPS Tracking" documents showing packages were delivered to Defendants Byrne, Fields, Hernandez and Hudson on January 17 and 21, 2020, which is within a week after Plaintiff filed his original Complaint. *See* Response at 26-29.  While Plaintiff stated that he timely served the individual Defendants, he has not provided proof of service by the server's affidavit as required by Fed. R. Civ. P. 4(l)(1),

**Discussion**

Plaintiff has not shown good cause for failing to timely serve the Complaint on Defendant United States of America.  The only claim in this proceeding is Plaintiff's claim against the United States pursuant to the Federal Tort Claims Act.  "The United States is the only proper defendant in a federal tort claims action."  *Gaines v. Pearson*, 516 Fed.Appx. 724, 726 (10th Cir. 2013) (concluding that the district court lacked subject matter jurisdiction of plaintiff's FTCA [Federal Tort Claims Act] claim against the federal defendants; the United States is the only proper defendant and plaintiff had not named the United States) (citing *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 n.4 (10th Cir. 2001)).  Rule 4(i)(1) states:

To serve the United States, a party must:

**(A) (i)** deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or

**(ii)** send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

**(B)** send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

(C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1).  Plaintiff has not shown that: (i) he delivered a copy of the summons and of the complaint to the United States Attorney for the District of New Mexico or that he sent a copy of each by registered or certified mail to the civil-process clerk at the United States Attorney's office; or (ii) he sent a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.

Although Plaintiff has not shown good cause for failing to timely serve the United States, the Court "must still consider whether a permissive extension of time may be warranted."  *May v. Oklahoma Dept. of Corrections*, 215 F.3d 1337, *2 (10th Cir. 2000).  "A tort claim against the United States shall be forever barred … unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."  28 U.S.C. § 2401(b).  The U.S. Department of Veterans Affairs gave Plaintiff notice of final denial of his claim by certified mail on August 1, 2019, which is more than six months ago.  *See* Doc. 8, filed January 22, 2020.  If the Court dismisses this case, the statute of limitations would bar Plaintiff from refiling his tort claim against Defendant United States.  The Court finds that granting an extension of time for Plaintiff to serve Defendant United States will cause little prejudice to Defendant United States and the delay will not significantly impact these proceedings.  The Court grants Plaintiff 21 days from entry of this Order to properly serve the United States.  *See May v. Oklahoma Dept. of Corrections*, 215 F.3d 1337, *2 (10th Cir. 2000) ("Although a statute of limitations problem counsel against dismissal, *see* Fed. R. Civ. P. 4(m) advisory committee's note ('Relief may be justified … if the applicable statute of limitations would bar the refiled action.'), this factor alone is not determinative of a finding of good cause").

**United States Department of Veterans Affairs, Office of General Counsel**

It is not clear whether Plaintiff intended to assert claims against the United States Department of Veterans Affairs, Office of General Counsel. Plaintiff listed the United States Department of Veterans Affairs, Office of General Counsel in the caption of his Complaint and Amended Complaint, but it appears he did so to indicate where the individual Defendants are employed. To the extent Plaintiff is asserting claims against the United States Department of Veterans Affairs, Office of General Counsel, the Court dismisses those claims because Plaintiff has not shown good cause for not timely serving the United States Department of Veterans Affairs, Office of General Counsel and because the United States Department of Veterans Affairs, Office of General Counsel is not a proper defendant in a federal tort claims action.

**Dismissal of the Claims Against the Individual Defendants**

The Court dismisses the claims in the Amended Complaint against Defendants Byrne, Fields, Hernandez and Hudson, without prejudice for the reasons given in the Magistrate Judge's Notice and Order which stated:

> The Amended Complaint fails to state a plausible claim upon which relief can be granted pursuant to *Bivens*. Plaintiff asserts a *Bivens* claim stating the "VA's attorneys have all committed a Constitutional tort by denial of Claimant's Tort Claim," because it violates Section 4 of the Fourteenth Amendment. Amended Complaint at 6. Section 4 states: "The validity of the public debt of the United States, authorized by law, including debts incurred for payment of pensions and bounties for services in suppressing insurrection or rebellion, shall not be questioned." U.S. Const., amend. XIV, § 4. "This little used provision of the Fourteenth Amendment was intended to prevent the 'questioning' of the war debt incurred by the Union in fighting the Civil War by any future Congress controlled by southerners and their sympathizers. This section is only brought into play when some state or federal government agency questions a debt." *Great Lakes Higher Education Corp. v. Cavazos*, 911 F.2d 10, 17 (7th Cir. 1990).

> The Amended Complaint fails to state a plausible claim upon which relief can be granted pursuant to 42 U.S.C. §§ 1985 – 1986. Section 1985 prohibits persons from conspiring to deprive persons of civil rights. *See* 42 U.S.C. § 1985. Section 1986 provides that persons having knowledge that a violation of Section

1985 is about to be committed and having power to prevent commission of the violation, but that neglect or refuse to prevent the violation, shall be liable to the injured person. *See* 42 U.S.C. § 1986. The Amended Complaint does not allege specific facts showing agreement and concerted action by Defendants to deprive Plaintiff of a right secured by federal law. *See O'Connor v. St. John's College*, 290 Fed.Appx.137, 141 (10th Cir. 2008) ("Section 1985(3) conspiracy claims cannot stand on 'vague and conclusory allegations'; but rather, 'must be pled with some degree of specificity.'") Because the Amended Complaint fails to state a claim under § 1985, it also fails to state a claim under § 1986. *See Taylor v. Nichols,* 558 F.2d 561, 568 (10th Cir.1977) ("Inasmuch as the Section 1985 action is insufficient, the allegations under 42 U.S.C. Section 1986 also fail.").

Doc. 12 at 2-3.

After he filed his Amended Complaint, Plaintiff filed four additional complaints in this case. *See* Complaint for a Civil Case Alleging Negligence, Doc. 17, filed February 18, 2020; Complaint for Violation of Civil Rights, Doc. 18, filed February 18, 2020; Complaint for a Civil Case Alleging Breach of Contract, Doc. 19, filed February 18, 2020; Complaint for the Conversion of Property, Doc. 20, filed February 18, 2020.

Rule 15 allows a party to "amend its pleading once as a matter of course" within certain time limits. Fed. R. Civ. P. 15(a)(1). After that "a party may its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2) (stating "The court should freely give leave when justice so requires"). Plaintiff has already amended his Complaint. Plaintiff has not filed a motion for leave to amend showing that justice requires that the Court grant Plaintiff leave to amend his Amended Complaint. Furthermore, the four additional complaints that Plaintiff has filed merely restate the allegations in the original Complaint and the Amended Complaint including: (i) the Veterans Administration Hospital and doctors negligently treated Plaintiff; (ii) the Veterans Administration denied Plaintiff's tort claim; (iii) the individual VA Defendants and Judges of the District of New Mexico have not registered as agents of foreign states: (iv) Plaintiff paid for his own medical care; (v) Plaintiff seeks $900 million to help other United States veterans;

and (vi) the "Corporate United States of America Government" is owned by the "Black Pope" and has been a "Vatican Crown Corporation since 1871." The Court strikes the complaints Plaintiff filed after filing his Amended Complaint, and denies them to the extent they are motions for leave to amend.

**Plaintiff's Filing History**

Plaintiff has:

(i)     filed a motion for summary judgment on the same day he filed his original Complaint, without including a recitation of a good-faith request for concurrence, without including a certificate of service, without numbering the undisputed material facts and referring with particularity to the relevant portions of the record, and filed his brief in support of the motion 34 days after filing the motion instead of filing it contemporaneously with the motion, as required by D.N.M.LR-Civ. 7.1(a), 7.1(b), 7.3 and 56.1(b);

(ii)    filed four complaints after filing his Amended Complaint without seeking leave to amend as required by Fed. R. Civ. P. 15(a)(2);

(iii)   not provided proof of service by the server's affidavit as required by Fed. R. Civ. P. 4(l)(1);

(iv)    not timely served Defendant United States as required by Fed. R. Civ. P. 4(m);

(v)     not stated his claims in his Complaint and Amended Complaint in numbered paragraphs limited to a single set of circumstances and stated in separate counts as required by Fed. R. Civ. P. 10(b);

(vi)    not signed some filed papers as required by Fed. R. Civ. P. 11(a)

(vii)   filed three documents stating that "Gary Vern Crosley" is not his name because it is "owned by the Black Pope," and instructed the Court to use "[crosley], gary –

living" as Plaintiff's name without providing proof that "[crosley], gary – living" is Plaintiff's name, when Fed. R. Civ. P. 17(a) requires that an "action must be prosecuted in the name of the real party in interest;" and

(viii)   filed several documents which are copies of correspondence and are not pleadings or other papers required by the Federal Rules of Civil Procedure, the Local Rules of Civil Procedure or Court orders.

The Court strikes those documents for failure to comply with the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure or as immaterial.  Otherwise Defendant United States would be required to review and respond to many defective and improper filings.  *See* Yang v. Archuleta, 525 F.3d 925, 927 n.1 (10th Cir. 2008) ("Pro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.").

**Motion to Exceed Page Limit**

Plaintiff filed a proposed Order "requesting that the 25 page limit for attachments on pleading[s] be exceeded in order that all facts/evidence can be heard in the above case.  Without all the facts/evidence being heard in the above case justice, judgment, remedy and truth cannot prevail."  Doc. 16, filed February 18, 2020.  Because Plaintiff is proceeding *pro se*, the Court construes the proposed order as a motion to exceed page limits.  The Court notes that the page limit for exhibits to motions, responses and replies is 50 pages, not 25 pages.  *See* D.N.M.LR-Civ. P. 10.5 (stating "A party may file only those pages of an exhibit which are to be brought to the Court's attention"); *see also* D.N.M.LR-Civ. 10.6 ("The portions of an exhibit the party wishes to bring to the Court's attention must be marked, e.g., by brackets, shading, or underlining").

The Court will not grant an undefined enlargement of page limits.  Plaintiff must file a motion each time he wishes to exceed page limits and explain with particularity why he needs to exceed the page limits.  *See* D.N.M.LR-Civ. 10.5 (if all parties do not agree that exhibits can exceed 50 pages, "then the party seeking to exceed the page limit must file a motion in accordance with D.N.M.LR-Civ. 7"); D.N.M.LR-Civ. 7.1(a) ("A motion must … state with particularity the grounds and the relief sought").

**Conclusion**

The Court is dismissing all claims in this action except for Plaintiff's claim against the United States pursuant to the Federal Tort Claims Act.  The Court is granting Plaintiff 21 days from entry of this Order to properly serve a summons and the Amended Complaint on the United States.

**IT IS ORDERED** that:

(i)     Plaintiff shall have 21 days from entry of this Order to properly serve the United States with a summons and the Amended Complaint.  Failure to timely and properly serve the United States may result in dismissal of this case.

(ii)    All claims in this action, except for Plaintiff's claim against the United States pursuant to the Federal Tort Claims Act, are **DISMISSED without prejudice.**

(iii)   The Court **STRIKES**, and to the extent they are motions for leave to amend **DENIES**, the following:

(a) Complaint for a Civil Case Alleging Negligence, Doc. 17, filed February 18, 2020;

(b) Complaint for Violation of Civil Rights, Doc. 18, filed February 18, 2020;

(c) Complaint for a Civil Case Alleging Breach of Contract, Doc. 19, filed February 18, 2020;

(d) Complaint for the Conversion of Property, Doc. 20, filed February 18, 2020.

(iv)     The Court **STRIKES** the following:

(a) Plaintiff's Motion for Summary Judgment, Doc. 3, filed January 15, 2020.

(b) Notice of Suit, Doc. 5, filed January 15, 2020.

(c) Letter by Gary Vern Crosley, Doc. 9, filed January 24, 2020.

(d) Notice by Gary Vern Crosley, Doc. 10, filed January 27, 2020.

(e) Notice by Gary Vern Crosley, Doc. 11, filed January 29, 2020.

(f) Memorandum in Support of Claimant's Motion for Summary Judgment, Doc. 15, filed  February 18, 2020.

(g) Proposed Judgment, Doc. 21, filed February 18, 2020.

(h) Lawful Legal Notice, Doc. 22, filed February 18, 2020.

(i)  Second Default, Doc. 23, filed February 18, 2020.

(j)  Third and Final Default, Doc. 24, filed February 18, 2020.

(k) Notice of Default, Doc. 25, filed February 18, 2020.

(l)  Notice of Default, Doc. 26, filed February 18, 2020.

(m) Notice of Default Perfected, Doc. 27, filed February 18, 2020.

(n) Notice of Suit, Doc. 28, filed February 18, 2020.

(o)  VA Complaint form, Doc. 29, filed February 18, 2020.

(p)  Resignation Notice, Doc. 30, February 18, 2020.

(q)  Letter from VA, Doc. 31, filed February 18, 2020.

(r)  Letter from VA, Doc. 32, filed February 18, 2020.

(s)  Notice of Judges Wrong Doings, Doc. 33, filed February 18, 2020.

(t)  Notice of Judicial Notice of Motion in Limine, Doc. 35, filed March 9,
     2020.

(v)  Plaintiff's Motion to Exceed Page Limit, Doc. 16, filed February 18, 2020,

is **DENIED.**

_____
**WILLIAM P. JOHNSON**
**CHIEF UNITED STATES DISTRICT JUDGE**

11