# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

GARY VERN CROSLEY,

      Plaintiff,

v.                                          No. 1:20-cv-00044-WJ-JFR

UNITED STATES OF AMERICA,

      Defendant.

## <u>MEMORANDUM OPINION AND ORDER OF DISMISSAL</u>

**THIS MATTER** comes before the Court on Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 8 and 12(b)(6), Doc. 85, filed March 19, 2021 ("Motion to Dismiss").

Plaintiff, who is proceeding *pro se*, filed his original Complaint on January 15, 2020.   *See* Doc. 1.   United States Magistrate Judge John F. Robbenhaar notified Plaintiff that his original Complaint failed to state a claim and failed to show that the Court has jurisdiction over this matter, and granted Plaintiff leave to file an amended complaint.   *See* Order to Show Cause, Doc. 7, filed January 16, 2020 (quoting *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated"); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based . . . [and] in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations;" "A pro se litigant's pleadings are to be construed liberally … if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so … At the same time, we do not

believe it is the proper function of the district court to assume the role of advocate for the pro se litigant")).

Plaintiff filed his Amended Complaint on January 22, 2020.   After he filed his Amended Complaint, Plaintiff filed four additional complaints in this case.   *See* Complaint for a Civil Case Alleging Negligence, Doc. 17, filed February 18, 2020; Complaint for Violation of Civil Rights, Doc. 18, filed February 18, 2020; Complaint for a Civil Case Alleging Breach of Contract, Doc. 19, filed February 18, 2020; Complaint for the Conversion of Property, Doc. 20, filed February 18, 2020 (collectively "First Set of Additional Amended Complaints").

After reviewing the Amended Complaint, the undersigned dismissed all of Plaintiff's claims in the Amended Complaint except for Plaintiff's claim against the United States pursuant to the Federal Tort Claims Act.   *See* Doc. 38, filed May 13, 2020.   The Court struck the First Set of Additional Amended Complaints because Plaintiff had already filed an Amended Complaint, Plaintiff had not filed a motion for leave to further amend his Amended Complaint, and the First Set of Additional Amended Complaints merely restated the allegations in the Amended Complaint.

Plaintiff subsequently filed a Second Set of Amended Complaints.   *See* Doc. 40, filed August 12, 2020; Doc. 42, filed August 20, 2020; Doc. 48, filed August 31, 2020; Doc. 59, filed September 9, 2020; Doc. 63, filed September 15, 2020 (collectively the "Second Set of Amended Complaints").   Rule 15 allows a party to "amend its pleading once as a matter of course" within certain time limits.   Fed. R. Civ. P. 15(a)(1).   After that "a party may its pleading only with the opposing party's written consent or the court's leave."   Fed. R. Civ. P. 15(a)(2).   The Court strikes the Second Set of Amended Complaints because Plaintiff has already amended his Complaint, has not obtained the United States' written consent, and has not filed a motion for leave

to amend.

The United States seeks dismissal of Plaintiff's First Amended Complaint because it "failed to assert any clear basis for this Court's jurisdiction and has completely failed to state a claim upon which relief can be granted."  Motion at 1, 9, 11 (asserting that "Plaintiff has failed to assert a short and plain statement of the grounds for the court's jurisdiction as required by Fed. R. Civ. P. 8(a)(1) ... failed to provide a short and plain statement of the claim showing that he is entitled to relief as required by Fed. R. Civ. P. 8(a)(2) ... failed to state his claims in numbered paragraphs with each limited as far as practicable to a single set of circumstances as required by Fed. R. Civ. P. 10(b)").  The United States contends that "Plaintiff refers to alleged negligent medical treatment at the Veterans Administration Medical Center throughout the Complaint ... without identifying a time-frame or any reference dates, in order to determine when and if the treatment occurred and also if his claims were exhausted administratively or are even timely now."  Motion at 9.

Plaintiff did not file a response opposing the United States' Motion to Dismiss.  The Court previously imposed filing restrictions which enjoined Plaintiff from making further filings in this case unless a licensed attorney who is admitted to practice before this Court and has appeared in this action signs the proposed filing.  *See* Order Imposing Filing Restrictions, Doc. 75, filed September 29, 2020.  On March 26, 2021, Counsel for the United States received from Plaintiff "a document comprised of 111 pages, styled 'Amended Complaint – Claimant's response to RESPONDENT(S) MOTION TO DISMISS' (sic)."  Notice of Completion of Briefing, Doc. 86, filed April 14, 2021.  Counsel for the United States states: "This document is unintelligible and is not responsive to the pending motion."  Notice of Completion of Briefing (attaching the first 12

3

pages of the document and stating that the remaining 99 pages can be provided upon request). The Court has reviewed the 12 pages of Plaintiff's document attached to the United States' Notice of Completion of Briefing.   The document is a copy of the United States' Motion to Dismiss with Plaintiff's handwritten comments, many of which are frivolous and similar to the numerous frivolous documents previously filed by Plaintiff which resulted in the Court imposing filing restrictions, such as the "court is a fiction," "Judges are not registered as Foreign Agent[s] ... [and] are in violation of the lawful Constitution and have commit[t]ed TREASON," and the Federal Rules of Civil Procedure "are CORPORATION by laws that do not apply to a living man."

A "district court may not grant a motion to dismiss for failure to state a claim merely because a party failed to file a response ... [I]f a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted." *Issa v. Comp USA*, 354 F.3d 1174, 1177-78 (10th Cir. 2003).

The Amended Complaint appears to assert a tort claim pursuant to the Federal Tort Claims Act regarding his treatment by Veterans Administration ("VA") medical providers, along with other claims.   The Court has previously dismissed all claims in this action except for Plaintiff's tort claim against the United States regarding his treatment by VA medical providers.   *See* Doc. 38 at 5-7, 9, filed May 13, 2020.   The Amended Complaint alleges:

(i)      The "VA's attorneys have all committed a Constitutional tort by denial of Claimant's Tort Claim."

(ii)      "The facts supporting the Administrative Tort claim and the negligence of doctors, interns, alleged VA' attorneys are set forth in the 34 page TESTIMONIAL OF TRUTH

4

AND DEFENSE aka Affidavit that is annexed to Claimant's CORPORATE Case filing."

(iii)    Plaintiff "had a heart attack in December of 2017[1] ... had a triple heart by-pass at the VA Hospital ... [VA medical providers] found that [Plaintiff] had leukemia, diabetes, severe stomach problems, skin rashes and etc. ... [which] were all caused by contact with Agent Orange."

(iv)    "The VA's doctors put a blood line for the surgery between [Plaintiff's left side of his neck and left shoulder ...but the wound never healed after ten years."

(v)    "The VA's interns and doctors did not order tests nor consult with other doctors or do anything to find out why the open wound had not healed."

(vi)    After refusing to be seen by an "intern from India who could [barely] speak English," and after "almost 20 minutes of attempting to communicate with India intern [Plaintiff] became flustered ...and left the VA Hospital untreated."

(vii)    The next day a VA dermatologist performed a biopsy and three days later informed Plaintiff that "The bi-op is positive for bas[a]l cell cancer" and that "surgery is your only option."   The dermatologist scheduled an appointment for Plaintiff to see a surgeon two days later.

(viii)    The surgeon informed Plaintiff that "you are probably not going to wake up f[ro]m the anesthes[ia]" and that the surgeon "won't be able to get all the cancer as the cancer is down in your bones ... could do a skin graph .... [but] your head is going to be pulled down to your shoulder on one side, you will have to spend the rest of you[r] life that way. I give

---

[1] "2017" appears to be a typographical error because Plaintiff later alleges that a wound from the blood line placed in Plaintiff for the surgery "never healed after ten years."

you a 30% chance to survive the surgery."

(ix)    "After about ten years of gross negligence in not treating bas[a]l cell cancer[,] surgery was the VA's only option."

(x)    "The VA's doctors and interns have committed gross negligence to include but is not limited to: not identifying bas[a]l cell cancer, not testing for and/or treating bas[a]l cell cancer for about ten years."

(xi)    At some unspecified time, a VA dentist informed Plaintiff that he needed a root canal.  Plaintiff "knows that the root canal procedure cause[s] cancer and other health problems."   After Plaintiff informed another VA dentist that he wanted the tooth extracted, the VA arranged to have a non-VA dentist who extracted the tooth.

Amended Complaint at 6, 7, 11-13, 2-23.

The Amended Complaint fails to state a claim for negligence by the VA medical providers. "A negligence claim requires that the plaintiff establish four elements: (1) defendant's duty to the plaintiff, (2) breach of that duty, typically based on a reasonable standard of care, (3) injury to the plaintiff, and (4) the breach of duty as cause of the injury."   *Zamora v. St. Vincent Hosp.*, 2014-NMSC-035, ¶ 22; *Paiz v. State Farm Fire and Cas. Co.*, 1994-NMSC-079, ¶ 29 (The New Mexico Supreme Court "formally abolished the distinction between ordinary and gross negligence when it adopted the doctrine of comparative negligence"); *see also Brown v. Kellogg*, 2015-NMCA-006, ¶ 6 ("To prove medical malpractice, a plaintiff must show that (1) the defendant owed the plaintiff a duty recognized by law; (2) the defendant breached the duty by departing from the proper standard of medical practice recognized in the community; and (3) the acts or omissions complained of proximately caused the plaintiff's injuries").

6

The Second Amended Complaint does not allege any facts describing the duty the VA and its medical providers owed Plaintiff such as the type and frequency of medical care.   Nor does it allege any facts showing that the VA and its medical providers failed to provide the medical care owed to Plaintiff, or that any failure to provide that medical care caused Plaintiff's injuries. Plaintiff alleges that the VA medical providers "committed gross negligence" by not testing for, identifying or treating his basal cell cancer, but does not support his conclusory allegation with factual allegations showing that the VA medical providers should have, and could have, tested for, identified and treated his basal cell cancer.   Furthermore, despite Judge Robbenhaar notifying Plaintiff that to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated, Plaintiff's Second Amended Complaint, with one exception which appears to be a typographical error, does not provide the dates Plaintiff received medical treatment or examinations by VA medical providers.

Plaintiff states: "The facts supporting the Administrative Tort claim and the negligence of doctors, interns, alleged VA' attorneys are set forth in the 34 page TESTIMONIAL OF TRUTH AND DEFENSE aka Affidavit that is annexed to Claimant's CORPORATE Case filing."   Second Amended Complaint at 7.   Plaintiff did not allege those facts in his Second Amended Complaint and did not attach his TESTIMONIAL OF TRUTH AND DEFENSE to his Second Amended Complaint.   "[I]t is not the court's job to comb the record in order to make the non-movant's arguments for him."   *Lebahn v. Owens*, 813 F.3d 1300, 1307-08 (10th Cir. 2016).

Plaintiff fails to state a claim when he alleges that the "VA's attorneys have all committed a Constitutional tort by denial of [Plaintiff's] Tort Claim."   Second Amended Complaint at 6.

Plaintiff argues that "US Veterans are not to be questioned when US Veterans ask for medical care, earned benefits, spousal benefits, Tort Claims and etc. ... US Veterans ... shall not be questioned when valid claims are presented to Veteran Affairs' (VA) employees. For VA employees to question and/or deny US Veterans' valid Tort claims are all Constitutional torts." Second Amended Complaint at 8.  Plaintiff supports his argument by quoting Section 4 of the Fourteenth Amendment which states: "The validity of the public debt of the United States, authorized by law, including debts incurred for payment of pensions and bounties for services in suppressing insurrection or rebellion, shall not be questioned." U.S. Const., amend. XIV, § 4. "This little used provision of the Fourteenth Amendment was intended to prevent the 'questioning' of the war debt incurred by the Union in fighting the Civil War by any future Congress controlled by southerners and their sympathizers.   This section is only brought into play when some state or federal government agency questions a debt." *Great Lakes Higher Education Corp. v. Cavazos*, 911 F.2d 10, 17 (7th Cir. 1990).

The Court dismisses this case with prejudice because the Court has previously dismissed all the claims in the Second Amended Complaint except for Plaintiff's claim pursuant to the Federal Tort Claims Act regarding his medical treatment by VA medical providers, and the Second Amended Complaint, for the reasons stated above, fails to state a claim for Plaintiff's claim pursuant to the Federal Tort Claims Act regarding his medical treatment by VA medical providers.

**IT IS ORDERED** that:

(i)    The following Amended Complaints are **STRUCK**:

(a)    Doc. 40, filed August 12, 2020;

(b)    Doc. 42, filed August 20, 2020;

(c)     Doc. 48, filed August 31, 2020;

(d)     Doc. 59, filed September 9, 2020;

(e)     Doc. 63, filed September 15, 2020.

(ii)    Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 8 and 12(b)(6), Doc. 85,

filed March 19, 2021, is **GRANTED.**

(iii)   This case is **DISMISSED with prejudice.**

**WILLIAM P. JOHNSON**
**CHIEF UNITED STATES DISTRICT JUDGE**

9